David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

---

Sara Kalantarov,

        Plaintiff,

   - against -

SSP Group, Inc.,

        Defendant.

No.

---

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.   Introduction**

1. This is an action for unpaid overtime under the Fair Labor Standards Act and state labor law.

**II.   Parties**

2. Plaintiff is a natural person.

3. Defendant SSP Group, Inc. is a New York business corporation with a principle place of business in the State of New York, County of Kings.

**III.   Venue and Jurisdiction**

4. The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claim under federal law -- a claim under the Fair Labor Standards Act -- and the remaining claims are part of the same case or controversy.

5. The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' activities in employing the Plaintiff which took place in the State of New York.

6. Venue is appropriate in the Eastern District in that Plaintiff was employed at the Defendant's facility in Brooklyn, New York.

## IV.     Background

7. At all times relevant to this complaint, the Employer operated a commercial cleaning service.

8. Plaintiff was employed by the Defendant (the "Employer") doing office work for approximately 4 years until her separation from employment in our about September of 2015. More specifically, Plaintiff would do such activities as answering the telephone; take orders; and process payments.

9. While employed by the Employer, Plaintiff regularly worked in excess of 40 hours per week but was not paid overtime premiums. More specifically, Plaintiff was generally paid a weekly salary and would work approximately 10 or more hours per day for most of her employment.

## V.      Causes of Action and Demand for Relief

<u>Count One: Violation of State Wage & Hour Law</u>

10. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

11. Plaintiff was an employee of the Employer within the meaning of state labor law.

12. The Employer was an employer within the meaning of the same law.

13. The Employer violated the above law in that it did not properly compensate Plaintiff for the hours and overtime hours she worked. Further, the Employer failed to provide proper notice under the Wage Theft Prevention Act.

## Count Two: Violation of the Fair Labor Standards Act

14. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

15. In the course of her job duties, Plaintiff was regularly "in commerce" since she processed credit card transactions on a daily basis through the Employer's credit card terminal at its facility in Brooklyn. Processing credit card transactions generally entails sending information over wires which cross state lines to the processing centers of the merchant bank as well as the credit card clearinghouses. For example the Visa data center in Virginia.

16. Moreover, the Employer had annual revenue well in excess of $500,000 per year. For example, the Employer typically had 2 or 3 contracts per month to clean commercial buildings and a typical commercial building contract resulted in revenue of $30,000 per more.

17. Moreover, the Employer had 2 or more employees who handled goods which crossed state and/or international lines. For example the Employer made use of vehicles which were manufactured outside the State of New York, in whole or in part.

18. Accordingly, Plaintiff and the Employer were both covered by the Fair Labor Standards Act.

19. The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the hours and overtime hours he worked.

[continued on next page]

WHEREFORE Plaintiff demand judgment against the Defendant in the amount of her unpaid back wages, overtime and liquidated damages, in an amount not more than $50,000.00 including attorneys fees and costs, and such other and further relief that the Court deems just.

Respectfully submitted,

David Abrams
 Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax    212-897-5811

Dated: August 17, 2016
New York, New York